IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PETRIE ROBINSON | § | |
| v. | § | CIVIL ACTION NO. 6:16cv202 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Petrie Robinson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Facts of the Case**

Robinson stated that he was charged with threatening to inflict harm on Officer Jerrlago. He went to the hearing and proved that he was not guilty. However, he was found guilty of establishing an inappropriate relationship, a charge for which he had no notice. This allegation had not been written by the charging officer and Robinson did not have 24 hours to put together a defense. He also contended that the hearing officer participated in the writing or investigation of the case, he was denied the right to cross-examine the charging officer, and he did not do anything to justify removal from the hearing.

As punishment for the offense, Robinson received a reduction in classification status, 90 days in Level Two and Level Three of administrative segregation and 15 days of cell, commissary and recreation restrictions. He asserted that the 90 days spent on Level Two and Level Three were in

"cruel and inhumane conditions." Robinson did not lose any good time and acknowledges that he is not eligible for release on mandatory supervision,

**II. The Report of the Magistrate Judge**

After review of the pleadings, the Magistrate Judge issued a Report recommending that Robinson's habeas corpus petition be dismissed. The Magistrate Judge determined that Robinson failed to show that the punishments imposed upon him in the disciplinary case amounted to the deprivation of any constitutionally protected liberty interests because these punishments did not exceed his sentence in such an unexpected manner as to give to protection by the Due Process Clause of its own force, nor did they impose an atypical and significant hardship upon him in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995). The reductions in classification status, 15 days of cell, commissary, and recreation restrictions, and 90-day placement in administrative segregation do not implicate protected liberty interests. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (cell restrictions do not implicate a protected liberty interest); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992) (no protected liberty interest in custodial classification).

Although Robinson complained, in a vague and general manner, that his time in Level 2 and Level 3 of administrative segregation was spent in "cruel and inhumane conditions," the Magistrate Judge determined that this allegation likewise did not show the deprivation of a constitutionally protected liberty interest. As a general rule, placement in administrative segregation which is merely incident to the normal life of a prisoner does not amount to a deprivation of a protected liberty interest. *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996). The Magistrate Judge stated that to show such a deprivation, the prisoner must demonstrate that the segregated confinement imposed atypical and significant hardships upon him in relation to the ordinary incidents of prison life.

While some cases have made such a finding, these cases involved circumstances much harsher than Robinson has alleged. *Wilkerson v. Stalder*, 329 F.3d 431, 435 (5th Cir. 2003) (30 years in segregation could implicate a liberty interest); *Wilkinson v. Austin*, 545 U.S. 209, 214, 125

2

S.Ct. 2384, 2389, 162 L.Ed.2d 174 (2005) (confinement in super-maximum security facility where almost all human contact is prohibited, inmates are kept in single cells behind solid doors for 23 hours a day and in which the light remains on at all times, visits are rare, and inmates are automatically disqualified from parole consideration created a liberty interest in being free from such conditions). The Magistrate Judge concluded that Robinson failed to show that his 90-day placement on Level 2 and Level 3 of administrative segregation amounted to an atypical or significant hardship in relation to the ordinary incidents of prison life and thus did not implicate a constitutionally protected liberty interest. In the absence of any liberty interest, the Magistrate Judge determined that Robinson's application for habeas corpus relief lacked merit.

**III. Robinson's Objections**

In his objections, Robinson first states that he did not consent to allow the Magistrate Judge to oversee his case. The Magistrate Judge is not presiding over Robinson's case, but only has a referral for pre-trial matters, for which consent is not required. *Newsome v. EEOC*, 301 F.3d 227, 230 (5th Cir. 2002). This objection is without merit.

Robinson next alleges that he was denied due process in the disciplinary hearing in various ways. He contends that *Sandin* is distinguishable because that case held that a prisoner has no constitutional right to confrontation and cross-examination of adverse witnesses because of the need to protect informants. In his case, by contrast, Robinson asserts that he had the constitutional right to 24 hour notice of the charges against him.

However, Robinson misapprehends the holding in *Sandin*. In that case, the punishment imposed on the plaintiff - incarceration in disciplinary segregation - did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. Thus, the Supreme Court held that neither the prison regulation in question nor the Due Process Clause itself afforded the plaintiff a protected liberty interest which would entitle him to the due process protections set out in *Wolff v. McDonnell*, 418 U.S. 539, 563-66, 94 S.Ct. 2963, 2978-2981, 41 L.Ed.2d 935 (1974). The punishments imposed upon Robinson likewise do not amount to atypical

3

or significant hardships in relation to the ordinary incidents of prison life and therefore do not create any protected liberty interests. Robinson's objection on this point is without merit.

Robinson seeks to evade this holding by arguing that the conditions in administrative segregation were so harsh as to amount to an atypical and significant deprivation. He argues that minimal second-hand tobacco smoke has been held to violate the Constitution and refers to exposure to smoke from toxic gases from burning, although he does not indicate what was being burned or by whom.[1]

The Fifth Circuit has held that a prisoner's placement in lockdown in cells next to psychiatric patients who screamed, beat on metal toilets, shorted out the power, flooded the cells, threw feces, and lit fires did not set out a due process claim relating to the prisoner's classification status. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *see also Denby v. Director, TDCJ-CID*, civil action no. 6:14cv226, 2014 U.S. Dist. LEXIS 158300 (E.D.Tex., November 10, 2014) (rejecting claim that petitioner was subjected to atypical and significant hardship because he was "exposed to unsanitary floodings and burnings, as well as to confinement in a single cell with the lights burning around the clock and a high level of noise"); *Flores v. Livingston*, 405 F.App'x 931, 2010 U.S. App. LEXIS 26304 (5th Cir., December 27, 2010) (rejecting due process challenge to conditions of confinement where the allegations did not come close to those in *Wilkinson*). Robinson's allegations, which are largely devoid of factual support in any event, fail to show that he was subjected to atypical and significant hardship in relation to the ordinary incidents of prison life. His objections on this point are without merit.

Robinson also makes several conclusory references to retaliation, stating that "the defendant broke [sic] and was motivated with malice to disregard state and federal laws along with his own rules to punish plaintiff because of petitioner exercising his First Amendment right to the U.S.

---

[1]Robinson also asserts that prolonged exposure of a prisoner to raw sewage in his cell is a serious health hazard, but he does not allege that he himself suffered exposure to raw sewage, nor does he state any facts concerning any such exposure. This assertion does not show that Robinson suffered a significant and atypical hardship in relation to the ordinary incidents of prison life.

Constitution." He also contends that he would not have been subjected to these conditions of confinement "if not for the retaliative and violative acts and omissions of Conklin and Allen for filing grievances, therefore displaying a clear deprivation of liberty as set forth under *Sandin*."

The Fifth Circuit has held that the elements of a claim under a theory of retaliation are the invocation of a specific constitutional right, the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, which is a showing that but for the retaliatory motive, the action complained of would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). This requirement places a heavy burden upon inmates, because mere conclusionary allegations will not suffice; instead, the inmate must produce direct evidence of retaliation or, the more probable scenario, a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. *Johnson*, 110 F.3d at 310, *citing Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). A prisoner who asserts a retaliation claim must assert specific facts; mere conclusory allegations are not enough. *Whittington v. Lynaugh*, 842 F.2d 818, 820 (5th Cir. 1988); *Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988).

Robinson offers nothing beyond purely conclusory allegations to show that but for the alleged retaliatory motive, he would not have received the disciplinary case. He offers no facts to show when he allegedly filed the grievances for which he says he was retaliated against, much less anything to show that the prison officials involved were aware of these grievances. The Fifth Circuit has held an allegation that "harassment of [the plaintiff] intensified after he started filing grievances" was insufficient to show retaliation. *Reese v. Skinner*, 322 F.App'x 381, 2009 U.S. App. LEXIS 8471 (5th Cir., April 21, 2009).

The mere fact that Robinson filed grievances and subsequently received a disciplinary case is likewise insufficient to show retaliation. In *Strong v. University HealthCare Systems, LLC*, 482 F.3d 802, 808 (5th Cir. 2007), the Fifth Circuit held that "temporal proximity is insufficient to prove 'but for' causation." The mere fact that one incident precedes another is not proof of a causal

5

connection because this is the logical fallacy of *post hoc ergo propter hoc* (after this, therefore because of this). *Huss v. Gayden*, 571 F.3d 442, 459 (5th Cir. 2009) (noting that "the *post hoc ergo propter hoc* fallacy assumes causality from temporal sequence," which is a "false inference"); *Tampa Times Co. v. National Labor Relations Board*, 193 F.2d 582, 583 (5th Cir. 1952) (*post hoc ergo propter hoc* is not sound logic).

A bare assertion that a disciplinary case was "falsified" also does not show that but for the alleged retaliatory motive, the petitioner would not have received the case. *Decker v. Dunbar*, 633 F.Supp.2d 317, 324 (E.D.Tex. 2008), *aff'd* 358 F.App'x 509, 2009 U.S. App. LEXIS 28021 (5th Cir., December 21, 2009), *cert. denied*, 562 U.S. 848 (2010); *Johnson v. Fobbs*, 236 F.App'x 115, 2007 U.S. App. LEXIS 19790 (5th Cir., August 20, 2007). Robinson's conclusory allegations of retaliation do not set out a viable claim for relief. His objections in this regard are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Petitioner objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Petrie Robinson is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**So Ordered and Signed**
**Sep 2, 2016**

_____
Ron Clark, United States District Judge